NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| THOMAS SCOTT AND LYNETTE THERRIEN,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. **'21CV1185 JAH RBB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.* ("FDCPA")**<br><br>**JURY TRIAL DEMANDED** |

NOW COME the Plaintiffs, Thomas Scott and Lynette Therrien ("Plaintiffs"), by and through their undersigned counsel complaining of the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Midland Credit Management, Inc.'s principal place of business is located in this district.

## PARTIES

5. Thomas Scott ("Scott") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in West Warwick, Rhode Island.

6. Lynette Therrien ("Therrien") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in West Warwick, Rhode Island.

7. Scott and Therrien (collectively, "Plaintiffs") are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

8. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") maintains its principal place of business at 350 Camino de la Reina, Suite 100, San Diego, California 92108.

9. Defendant "specialize[s] in servicing account that have fallen behind and have been charged off by the lender."[1]

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

11. In or around January 2021, Plaintiffs started to receive collection calls from Defendant attempting to collect on an account for Credit One Bank, N.A. ("Credit One").

12. Plaintiffs advised that Scott had fallen behind on his obligation to Credit One due to financial difficulties resulting from COVID.

13. Despite this information, Defendant continued to place collection calls to Plaintiffs.

---

[1] https://www.midlandcredit.com/who-is-mcm/

2

14. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Finally, in or around late March 2021, Plaintiffs advised Defendant that they wanted the calls to cease and to leave them alone.

16. Unfortunately, Defendant continued to place collection calls to Plaintiffs despite their requests that the calls cease.

17. Defendant places collection calls to Plaintiffs from phone numbers including, but not limited to: (866) 446-3416, (623) 633-7149, (320) 207-5416, (877) 825-3137, (877) 761-6115, (866) 787-1534, (480) 866-1053, (616) 841-7934, (480) 866-1055, (877) 823-9406, (866) 788-1839, (619) 841-7901, and (480) 866-1044.

18. On numerous calls, Scott explained that the calls were making it impossible for him to attempt to work and make money.

19. Despite the requests from Plaintiffs, Defendant has placed at least 25 non-emergency phone calls to Plaintiffs' cellular phones since Plaintiffs requested that the phone calls cease.

20. Concerned with Defendant's abusive practices, Plaintiffs retained counsel to stop Defendant's behavior.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

21. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    a. **Violation(s) of 15 U.S.C. §1692c**

22. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt

> collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)  at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

23. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiffs.

24. Defendant violated § 1692c(a)(1) by placing at least 25 collection calls to Plaintiffs' cellular phone numbers at a time Defendant knew to be inconvenient for Plaintiffs.

25. In other words, since Plaintiffs did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiffs.

### b. Violation(s) of 15 U.S.C. §1692d

26. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

27. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

28. Defendant violated §§ 1692d and d(5) by placing at least 25 collection calls to Plaintiffs' cellular phone numbers in an attempt to collect the subject debt after being requested to cease the unwanted calls.

29. Defendant's conduct in systematically placing unwanted calls to Plaintiffs' cellular phone number is inherently harassing and abusive.

30. Defendant's collection calls to Plaintiffs were made with the specific intent of annoying, harassing, and abusing Plaintiffs as Plaintiffs informed Defendant they no longer wished to be contacted on their cellular telephones.

31. The fact that Defendant knowingly placed calls to Plaintiffs after Plaintiffs made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiffs.

**WHEREFORE**, Plaintiffs, THOMAS SCOTT and LYNETTE THERRIEN, request that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiffs their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 29, 2021                              Respectfully submitted,

                                                  By: /s/ Nicholas M. Wajda
                                                  Nicholas M. Wajda
                                                  WAJDA LAW GROUP, APC
                                                  6167 Bristol Parkway, Suite 200
                                                  Culver City, California 90230
                                                  Telephone: (310) 997-0471
                                                  Facsimile: (866) 286-8433
                                                  Email: nick@wajdalawgroup.com